**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

REUBEN BROWN,                    :
                                 :    CIVIL ACTION
            Petitioner           :
                                 :
        v.                       :    NO. 07-5427
                                 :
JOHN A. PALAKOVICH, et al,       :
                                 :
            Respondents          :
                                 :

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by the Petitioner, Reuben Brown ("Petitioner"), pursuant to 28 U.S.C. section 2254.  The Petitioner is currently incarcerated in the State Correctional Institution located in Dallas, Pennsylvania.  For the reasons that follow, it is recommended that the Petition should be denied with prejudice and dismissed without an evidentiary hearing.

**I.    PROCEDURAL HISTORY** [1]

On October 28, 1996, a jury presided over by the Honorable Eugene H. Clarke, Jr. found Petitioner guilty of first-degree murder, two counts of robbery, possession of an instrument of crime, and criminal conspiracy.  On October 29, 1996, the jury set the penalty on the murder charge at life imprisonment without

---

[1]    This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, and the exhibits attached to those pleadings.

parole.  On January 9, 1997, following receipt of a presentence
investigation report, a mental health evaluation, and a hearing,
Judge Clarke formally sentenced Petitioner to an term of life in
prison with concurrent sentences of five to ten years'
imprisonment on each of the robbery and criminal conspiracy
bills, and a concurrent sentence of six to sixty months'
incarceration on the conviction for possession of an instrument
of crime.

　　　　Petitioner filed a timely direct appeal from the
judgment of sentence in the Superior Court of Pennsylvania.  On
July 27, 1999, the Superior Court denied Petitioner's direct
appeal and affirmed the judgment of sentence.  See Response, Ex.
A; Commonwealth v. Brown, 742 A.2d 1140 (Pa. Super. 1997)(table).
In so doing, the Superior Court concluded that (1) the evidence
was sufficient to support the verdict; (2) the trial court did
not err in denying the request for a mistrial based on a witness'
exercise of his Fifth Amendment privilege; (3) the trial court
did not err in instructing the jury on flight; and (4) the
prosecutor's closing argument was not unduly prejudicial.  See
Response, Ex. A; Commonwealth v. Brown, 742 A.2d 1140 (Pa. Super.
1997)(table).  On January 5, 2000, the Pennsylvania Supreme Court
denied the petition for allowance of appeal.  Commonwealth v.
Brown, 749 A.2d 465 (Pa. 2000)(table).

　　　　On January 27, 2000, Petitioner filed a pro se petition

pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA").
See 42 Pa. C.S.A. § 9541, et seq.  See Response, Ex. B.
Petitioner was appointed counsel, who filed an amended petition
on July 19, 2000.  See Response, Ex. C.  The amended petition was
based on an affidavit from Commonwealth witness, Terry Butler,
who allegedly recanted his testimony.  See Response, Ex. C.
Although the PCRA court ordered a hearing on the matter, and
allowed several continuances, it ultimately dismissed the
petition on February 28, 2001, following many failed attempts to
locate Mr. Butler.  Petitioner appealed the PCRA court's
dismissal to the Pennsylvania Superior Court, which determined on
April 4, 2003 that the PCRA court properly exercised its
discretion by denying any further requests for a continuance, and
affirmed the dismissal of the PCRA petition.  See Response, Ex.
D; Commonwealth v. Brown, 828 A.2d 394 (Pa. Super. 2003)(table).
Petitioner did not file a petition for allowance of appeal to the
Pennsylvania Supreme Court.

On September 5, 2003, petitioner filed a second pro se
PCRA petition.  See Response, Exhibit E.  The PCRA court,
pursuant to Pa.R.Crim.P. 907, advised Petitioner of its intent to
dismiss the petition without a hearing on the basis that is was
untimely filed and without merit.  On June 18, 2004, the PCRA
court dismissed the petition as untimely.  Petitioner appealed
the dismissal to the Pennsylvania Superior Court, which affirmed

3

the dismissal on December 19, 2006.  <u>See</u> Response, Ex. F;
<u>Commonwealth v. Brown</u>, 918 A.2d 783 (Pa. Super. 2006)(table).  On
October 18, 2007, the Pennsylvania Supreme Court denied
Petitioner's allocatur petition.  <u>Commonwealth v. Brown</u>, 934 A.2d
71 (Pa. 2007)(table).

     Petitioner signed the instant Petition for Writ of
Habeas Corpus on December 5, 2007, and it was filed with the
Clerk of Court on December 21, 2007.  Pursuant to the prison
mailbox rule, this Court will consider the date of filing as
December 5, 2007.  <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir.
1997)(motion is deemed filed on date petitioner gave petition to
prison officials to mail).

     On February 15, 2008, this case was referred by the
Honorable Harvey Bartle, III for preparation of a Report and
Recommendation.  The Response was filed on June 5, 2008.
Respondents contend that the Petition is time-barred, that the
principles of equitable tolling do not apply to excuse the
untimeliness of the Petition, and that this case should be
dismissed with prejudice and without an evidentiary hearing.

## II.   **DISCUSSION**

     Petitioner's case must be decided pursuant to the terms
of the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110
Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C.

4

section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244, to require that a strict one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[2]  In this case, the applicable starting point to examine the limitations period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1).

---

[2]      28 U.S.C. section 2244 requires that:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  If direct review of a criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date to properly file a habeas action.  Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner's judgment of sentence became final on April 4, 2000, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for seeking discretionary review with the United States Supreme Court expired. See U.S. Supreme Court Rule 13. Accordingly, the one-year time limit for Petitioner to timely file a federal Petition for Writ of Habeas Corpus began on April 4, 2000. In the absence of any statutory or equitable tolling, Petitioner, therefore, would have been required to file his federal habeas petition on or before April 3, 2001. We note, however, that because the AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling, we must examine whether the instant Petition may be considered timely filed under either concept. 28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).

A.    Statutory Tolling

The limitations period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d)(2). However, if a PCRA petition is not timely filed, it is not considered properly filed in order to toll the

AEDPA one-year statutory time period.  Pace v. DiGuglielmo, 544
U.S. 408, 417 (2005).

Petitioner's first PCRA petition was filed on January
27, 2000, before the one-year habeas clock began running.  On
April 4, 2003, the Pennsylvania Superior Court affirmed the
dismissal of the PCRA petition.  As a result, the statute of
limitations in which Petitioner was to file his federal habeas
corpus Petition was tolled until May 4, 2003, thirty days after
the Pennsylvania Superior Court denied his PCRA petition and the
time for filing a petition for allowance of appeal with the
Pennsylvania Supreme Court expired.  See 28 U.S.C. §
2244(d)(1)(A); Pa. R.A.P. 1113; 42 Pa. C.S.A. § 9545(b)(3).  The
time for computing the limitations period, therefore, began on
May 4, 2003, and remained uninterrupted through May 3, 2004.

Petitioner's second PCRA petition, which was filed on
September 5, 2003, did not toll the statutory period because it
was not timely filed.  See Response, Ex. F; Commonwealth v.
Brown, 918 A.2d 783 (Pa. Super. 2006)(table).  Untimely PCRA
petitions do not toll the one-year statute of limitations
pursuant to AEDPA.  Pace, 544 U.S. at 417.  The present Petition
was filed on December 5, 2007, over three years after the period
of limitation expired.  It is statutorily time-barred.

B.     Equitable Tolling.

This Court must next examine whether the AEDPA statute
of limitations should be *equitably* tolled.  Robinson v. Johnson,
313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826
(2003)(citation omitted).  The United States Court of Appeals for
the Third Circuit has held that equitable tolling is proper "only
in the rare situation where [it] is demanded by sound legal
principles as well as the interests of justice."  United States
v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted).
The Petitioner "must show that he . . . 'exercised reasonable
diligence in investigating and bringing [his] claims.'  Mere
excusable neglect is not sufficient."  Miller v. New Jersey State
Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)(quoting New
Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d
Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498
U.S. 89, 96 (1990)).

Courts must be sparing in their use of equitable
tolling.  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236,
239 (3d Cir. 1999).  The limitations period will be equitably
tolled "only when the principle of equity would make the rigid
application of a limitations period unfair."  Satterfield v.
Johnson, 434 F.3d 185, 195 (3d Cir. 2006); Jones v. Morton, 195
F.3d 153, 159 (3d Cir. 1999).  However, if a PCRA petition is
untimely, it is not considered properly filed in order to toll

the AEDPA one-year statutory time period.  Pace v. DiGuglielmo,
544 U.S. 408, 417 (2005).  For equitable tolling to apply, the
Third Circuit has held that the petitioner has the burden to show
he "diligently pursued his rights and that some extraordinary
circumstance stood in his way."  Satterfield, 434 F.3d at 195.
The Third Circuit has identified three circumstances in which
equitable tolling may apply: "(1) the defendant has actively
misled the plaintiff; (2) if the plaintiff has in some
extraordinary way been prevented from asserting his rights; or
(3) if the plaintiff has timely asserted his rights mistakenly in
the wrong forum."  Id.  See also Fahy v. Horn, 240 F.3d 239, 244
(3d Cir.), cert. denied, 534 U.S. 944 (2001)(citing Jones v.
Morton, 195 F.3d 153, 159 (3d Cir. 1999)(citations omitted)).

        Petitioner does not acknowledge that his instant habeas
corpus Petition is untimely, nor does he assert any claims of
equitable tolling.  Moreover, based on our thorough review of the
record in this matter, we conclude that Petitioner did not act in
a reasonably diligent fashion because a reasonably diligent
petitioner would have acted promptly to preserve his rights not
only in the state court, but also in Federal Court.  Petitioner
fails to allege any steps that he took to timely file his federal
habeas petition.  None of the circumstances which warrant
equitable tolling apply in this case to render the instant
Petition timely.  Fahy, 240 F.3d at 244.  The Petition is time-

9

barred, and must be denied with prejudice and dismissed without an evidentiary hearing.

      C.     <u>Certificate of Appealability</u>.

      When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant Petition is time-barred.  It is statutorily barred, and equitable tolling does not apply to this Petition.

      For all of the above reasons, I make the following:

**RECOMMENDATION**

AND NOW, this 9th day of June, 2008, IT IS
RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas
Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED
with prejudice and DISMISSED without an evidentiary hearing.
There is no probable cause to issue a certificate of
appealability.

The Petitioner may file objections to this Report and
Recommendation.  See Local Civ. Rule 72.1.  Failure to timely
file objections may constitute a waiver of any appellate rights.

BY THE COURT:

HENRY S. PERKIN
United States Magistrate Judge

11